# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LAURIDSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. BONNHEIM, et al.,<br><br>    Defendants. | Case No. 2:19-cv-02895-JAK (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

    Plaintiff, a state prisoner presently held at the California Men's Colony in San Luis Obispo, California, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on April 15, 2019. Plaintiff was subsequently granted leave to proceed without prepayment of the filing fee. (ECF No. 8.) The Complaint names Dr. Bonnheim and a Dr. John Doe and requests monetary relief based upon the Defendants' alleged deliberate indifference to Plaintiff's serious medical need. (ECF No. 1 at 3.)

    The Court has screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C.

§ 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013). Then, "dismissal is appropriate where the plaintiff failed to allege enough *facts* to state a claim to relief that is plausible on its face." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (internal quotation marks omitted, emphasis added).

Since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

A defendant is liable for the denial or delay of medical care for a prisoner's serious medical needs only when the defendant is deliberately indifferent to the prisoner's known serious medical needs. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The test for deliberate indifference contains two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. (*Id*.) Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. (*Id*.) To satisfy this second part, plaintiff must show (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by such indifference. (*Id*.)

Plaintiff's Complaint alleges that on November 21, 2017, Plaintiff underwent a colonoscopy, performed by Dr. Bonnheim, that perforated his intestines. (ECF No. 1 at 5.) Plaintiff alleges that as a result of the perforation, he experienced severe pain and was twice hospitalized where he "fought off" sepsis, kidney failure, dehydration, blood poisoning, and high fevers, and experienced significant weight loss. (*Id*. at 5, 7.) Plaintiff further alleges that when he returned to the prison after his second hospital stay that Dr. John Doe failed to recognize Plaintiff's "declining health." (*Id*.

at 7.) Plaintiff alleges that in May of 2018 he returned to the hospital to have his colostomy bag removed. (*Id*. at 7.) Plaintiff alleges that when he returned to the prison after this surgery, he was sent directly to his cell without first being evaluated in the infirmary. (*Id*.) Plaintiff alleges that as a result of being returned to his cell without first being evaluated he developed an infection which necessitated "another week at Sierra Vista Hospital" and "another round of antibiotics." (*Id*. at 8.)

The allegations in Plaintiff's Complaint are sufficient to meet the first prong of the test for deliberate indifference to a serious medical need. "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta v. Dillard,* 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc), *cert. denied*, 135 S. Ct. 946 (2015) (internal quotation marks omitted). However, the allegations in the Complaint do not adequately allege facts to support the second prong of the test.

Deliberate indifference may be manifest by the intentional denial, delay or interference with a plaintiff's medical care. *See Gamble*, 429 U.S. at 104-05. The prison official, however, "must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Thus, an inadvertent failure to provide adequate medical care, negligence, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, are all insufficient to constitute an Eighth Amendment violation. *See Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976); *Toguchi*, 391 F.3d at 1059-60; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Moreover, the Eighth Amendment does not require optimal medical care or even medical care that comports with the community standard of medical care. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the

Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Gamble*, 429 U.S. at 106. Accordingly, even "gross negligence" is insufficient to establish deliberate indifference. *See Wood v. Housewright,* 900 F.2d 1332, 1334 (9th Cir. 1990). The Complaint fails to allege facts that plausibly show deliberate indifference as opposed to mere inadvertence or negligence. Thus, in its current form, the Complaint fails to state a claim for violation of the Eighth Amendment.

In addition, Plaintiff's Complaint names the Defendants in their individual and official capacities. The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Id*. at 166. Accordingly, Plaintiff's claim against an officer in his or her official capacity is the same as a claim against his or her employer.

Plaintiff's Complaint does not allege what entity employs Defendants. Assuming Defendants are employed by the State of California,[1] in *Will v. Michigan. Dept. of State Police*, 491 U.S. 58, 64-66 (1989), the Supreme Court held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983. Additionally, the Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it. *Pennhurst St. School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in

---

[1] "California Correctional Health Care Services (CCHCS) provides care that includes medical, dental and mental health services, to California's prison inmate population at all 35 California Department of Corrections and Rehabilitation (CDCR) institutions statewide." https://cchcs.ca.gov/. California Men's Colony is a CDCR institution. https://www.cdcr.ca.gov/Facilities_Locator/CMC.html.

federal court. *See BV Engineering v. University of California, Los Angeles,* 858 F.2d 1394, 1396 (9th Cir. 1988); *see also Atascadero St. Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) (holding that Art. III, § 5 of the California Constitution does not constitute a waiver of California's Eleventh Amendment immunity). Finally, Congress has not repealed State sovereign immunity against suits under 42 U.S.C. § 1983. Accordingly, any state agency is immune from all civil rights claims raised pursuant to § 1983. *See Pennhurst*, 465 U.S. at 100 ("This jurisdictional bar applies regardless of the nature of the relief sought."); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (the Eleventh Amendment bars claim for injunctive relief against Alabama and its Board of Corrections). Further, the Eleventh Amendment "bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, i.e., money damages." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988). Accordingly, it appears that to the extent that Defendants are sued in their official capacities, they are entitled to immunity.

For these reasons, the Court finds that Plaintiff's Complaint fails to state a claim against Defendants upon which relief may be granted, and therefore, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

************

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than June 28, 2019, remedying the deficiencies discussed above.**[2] The clerk is directed to send Plaintiff a blank Central District civil

---

[2] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not

rights complaint form, which Plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all the claims that he wishes to assert in a First Amended Complaint. **Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or if he fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

If Plaintiff no longer wishes to pursue this action he may request a voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for Plaintiff's convenience.

**IT IS SO ORDERED**.

DATED: 5/30/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachments: Civil Rights Complaint (Form CV-066)
Notice of Dismissal Form (CV-009)

---

required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.